OPINION
Plaintiff-appellant Debra Mattix, nka Debra Disterdick, appeals the September 15, 1997 Journal Entry of the Morrow County Court of Common Pleas, Domestic Relations Division, which overruled her Motion to Vacate the Judgment Entry/Decree of Divorce filed January 25, 1995. Defendant-appellee is Dwight L. Mattix.
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on July 16, 1997. Two children were born as issue of this marriage, Shane (DOB 9/14/78) and Joshua (DOB 5/5/81). The parties separated on or about August 7, 1994. On September 29, 1994, appellant filed a complaint for divorce in the Morrow County Court of Common Pleas, Domestic Relations Division.
Prior to the final hearing on January 6, 1995, appellant and appellee entered into a memorandum agreement, which was submitted to the trial court at the final hearing as an Agreed Judgment Entry/Decree of Divorce. The Judgment Entry/Decree of Divorce was filed on January 25, 1995.
On August 30, 1996, appellant filed a Motion to Set Aside Judgment Pursuant to 60(B). In an affidavit attached to the motion, appellant stated she "did not have the mental capability to make rational, informed decisions concerning [her] final divorce decree, property settlement, etc." Affidavit of Debra Disterdick, para. 13. A hearing on the motion was conducted before the magistrate on April 11, 1997. The parties were given 30 days in which to file their written closing arguments.
On August 12, 1997, the magistrate filed a Proposed Decision, which included Findings of Fact and Conclusions of Law. The magistrate recommended appellant's motion to vacate be overruled. On that same day, the trial court approved and adopted the magistrate's decision. Thereafter, on August 26, 1997, appellant filed objections to the magistrate's decision. Appellant did not file a written transcript from the motion hearing or an affidavit about the evidence submitted at the hearing in support of her objections. Via Journal Entry dated September 15, 1997, the trial court overruled appellant's objections and her motion to vacate.
It is from this Journal Entry appellant appeals raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ABUSED ITS DISCRETION WHEN THE TRIAL COURT OVERRULED THE PLAINTIFF-APPELLANT'S MOTION TO VACATE, PURSUANT TO 60(B), TO WIT: THE COURT' S PRIOR DECREE OF DIVORCE FILED JANUARY 25, 1995, INCORPORATING THE PARTIES' MEMO OF AGREEMENT.
 (A) THE MAGISTRATE COMMITTED ERROR WHEN SHE FOUND THAT PLAINTIFF-APPELLANT FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE AND/OR DEMONSTRATE THAT AT THE TIME THE ALLEGED SEPARATION AGREEMENT WAS ENTERED INTO, THE PLAINTIFF-APPELLANT WAS INCOMPETENT AND DID NOT POSSESS THE REQUISITE MENTAL CAPACITY TO ENTER INTO A CONTRACT.
 (B) THE MAGISTRATE COMMITTED ERROR IN FINDING THAT THE PLAINTIFF-APPELLANT WAS TAKING SEVERAL MEDICATIONS PRIOR TO HER HOSPITALIZATION WHEN IN FACT, PRIOR TO THE HOSPITALIZATION THE PLAINTIFF-APPELLANT WAS ONLY ON ZOLOFT, 50 MG., WHICH HAD BEEN PRESCRIBED ABOUT TWO (2) WEEKS PRIOR TO HER HOSPITAL ADMISSION.
 (C) THE MAGISTRATE COMMITTED ERROR WHEN SHE FOUND THAT THE PLAINTIFF-APPELLANT CONTINUED TO WORK DURING THE PENDENCY OF THE DIVORCE WHEN IN FACT, AND TO THE CONTRARY OF THE REPRESENTATIONS RECITED IN THE PARTIES' MEMORANDUM (SEPARATION AGREEMENT) SHE WAS UNABLE TO WORK DUE TO HER MEDICAL CONDITION.
 (D) THE MAGISTRATE COMMITTED ERROR IN NOT MAKING A SPECIFIC FINDING THAT DURING THE PENDENCY OF THE DIVORCE THE PLAINTIFF-APPELLANT WAS NOT MENTALLY AND/OR EMOTIONALLY CAPABLE OF BEING GAINFULLY EMPLOYED.
 II. THE MAGISTRATE COMMITTED ERROR WHEN SHE FAILED TO FIND THE DEFENDANT-APPELLEE UNDULY INFLUENCED THE PLAINTIFF-APPELLANT INTO ENTERING THE SEPARATION AGREEMENT.
 (A) THE MAGISTRATE COMMITTED ERROR WHEN SHE FAILED TO FIND THAT AT THE TIME THE PLAINTIFF-APPELLANT ENTERED INTO THE ALLEGED SEPARATION AGREEMENT SHE WAS UNDER UNDUE INFLUENCE AS A RESULT OF THE ACTIONS OF THE DEFENDANT-APPELLEE.
 (B) THE MAGISTRATE COMMITTED ERROR IN FAILING TO FIND THAT THE DEFENDANT-APPELLEE VERBALLY ABUSED AND INTIMIDATED THE PLAINTIFF-APPELLANT INCLUDING REPRESENTING TO THE PLAINTIFF-APPELLANT THAT SHE NO LONGER HAD HEALTH INSURANCE COVERAGE AND WOULD USE HER MENTAL DISABILITY OR ILLNESS AGAINST HER IN EFFORTS TO BOLSTER HIS EMOTIONAL DOMINANCE OVER THE PLAINTIFF-APPELLANT AND ATTEMPT TO OBTAIN A FAVORABLE SETTLEMENT AGREEMENT.
 III. THE MAGISTRATE COMMITTED ERROR WHEN SHE FAILED TO FIND THE PLAINTIFF-APPELLANT HAD PRESENTED SUFFICIENT EVIDENCE TO DEMONSTRATE THAT SHE HAD A MERITORIOUS DEFENSE.
 (A) THE TRIAL COURT ERRED WHEN IT RELIED AND FOUND, IN THIS CASE, THE COURT ACTED IN ITS DISCRETION BY ACCEPTING THE PARTIES IN-COURT SETTLEMENT DESPITE THE AGREEMENT NOT BEING FAIR AND EQUITABLE (CITING WALTHER V. WALTHER, 102 OHIO APP 3D[SIC] 378 (1995).
 (B) THE MAGISTRATE COMMITTED ERROR WHEN SHE FOUND THE EVALUATION OF THE DEFENDANT-APPELLEE'S PENSION AS BEING IRRELEVANT.
 (C) THE MAGISTRATE COMMITTED ERROR WHEN SHE FAILED TO FIND SUBSTANTIAL ASSETS WERE OMITTED WARRANTING VACATING THE ENTRY; AND FOUND THAT THE OTHER ASSETS TO BE IN EXISTENCE (I.E. PLAINTIFF'S PENSION PLAN) WHEN IN FACT THOSE ASSETS HAD BEEN DEPLETED AND WERE NO LONGER IN EXISTENCE AT THE TIME THE SEPARATION AGREEMENT WAS ENTERED INTO.
 (D) THE MAGISTRATE COMMITTED ERROR IN FAILING TO FIND THAT THE SEPARATION AGREEMENT (MEMORANDUM) PRESENTED TO THE COURT ON JANUARY 6, 1995 AND WAS SUBSEQUENTLY FILED WAS NOT FAIR AND EQUITABLE TO THE PLAINTIFF-APPELLANT.
 (E) THE TRIAL COURT ERRED WHEN IT FOUND THE PLAINTIFF-APPELLANT WAS AWARDED APPROXIMATELY $16,700.00 IN ASSETS (ASSETS TO BE DETERMINED BY VALUE OF ASSETS MINUS DEBT ALLOCATION TO THE PLAINTIFF-APPELLANT).
 (F) THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD THE PLAINTIFF-APPELLANT SPOUSAL SUPPORT IN ACCORDANCE WITH OHIO REVISED CODE 3105.18.
 (G) THE TRIAL COURT ERRED WHEN IT FOUND THE WIFE ACCEPTED BENEFITS OF JUDGMENT WHEN SHE ENTERED INTO ANOTHER MARRIAGE, THEREBY INFERRING THE COURT DOES NOT HAVE POWER TO VACATE A PRIOR DIVORCE DECREE.
 IV. THE MAGISTRATE COMMITTED ERROR WHEN SHE FAILED TO FIND THE PLAINTIFF-APPELLANT'S MOTION WAS TIMELY FILED UNDER 60(B)(1), (2) AND (3) AS THE ONE (1) YEAR PERIOD WAS TOLLED DURING THE PLAINTIFF-APPELLANT'S DISABILITY.
Any other relevant facts will be contained in our discussion of the assignments of error.
 I
In her first assignment of error, appellant maintains the trial court erred and abused its discretion in overruling her motion to vacate because such ruling was against the manifest weight of the evidence. In essence, appellant takes issue with the trial court's adoption of the magistrate's findings relative to her assertion that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Specifically, appellant claims she is entitled to relief because she did not possess the requisite mental capability necessary to enter into a contract at the time she signed the Separation Agreement.
"A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75,77 (Citations omitted).
In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order proceedings was entered or taken." Argo PlasticProd. Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTEAutomatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Id. at 391.
Before determining whether the trial court abused its discretion in overruling appellant's motion to vacate, we must first review the trial court's decision overruling appellant's objections to the magistrate's decision.
In order for the trial court to consider objections to the magistrate's finding, the objecting party must submit the following materials:
 The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available.
Civ.R. 53(E)(6)
Although appellant timely objected to the magistrate's proposed decision, she did not request or submit a transcript of the motion hearing or an affidavit setting forth the relevant testimony. Appellant has submitted a transcript of the motion hearing with the appellate record. However, this Court is precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and; therefore, did not have an opportunity to review the testimony from which the magistrate drew her factual findings. See, High v.High (1993), 89 Ohio App.3d 424, 427. "[W]hen a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings `will be limited to whether the trial court's adoption of [the findings] constituted an abuse of discretion'." Id. citingProctor v. Proctor (1988), 48 Ohio App.3d 55, 63. Because appellant failed to provide the trial court with the required evidence to support her objections, the factual findings made by the magistrate are deemed admitted.
The magistrate found the following facts. Between July 31, 1994, and August 11, 1994, appellant was hospitalized after having been diagnosed with clinical depression. Prior to and following her hospitalization, appellant was taking several different medications for her condition. Following her hospitalization until October, 1994, appellant treated with Dr. Timothy Spare, a psychiatrist.
Three years later, in September, 1997, Dr. Spare diagnosed appellant as bi-polar. Based upon his most recent session with appellant, Dr. Spare opined appellant understood the nature and extent of her personal possessions and property. The doctor stated his belief that appellant was incompetent to contract during his treatment of her in 1994. However, although Dr. Spare knew appellant had filed for divorce, he did not notify appellant's attorney or suggest to the trial court that a guardian ad litem be appointed to protect her interests. Because appellant discontinued treatment with Dr. Spare in October, 1994, the doctor had no personal information or observations to offer the court regarding appellant's alleged incompetency at the time she entered into the separation agreement. On January 10, 1995, Brian Goodson, a mental health counselor at Central Ohio Mental Health, evaluated appellant. Based upon his evaluation Goodson concluded appellant was depressed. Although Goodson testified appellant would have had difficulty understanding legal documents and legal assistance would have been appropriate on January 10, 1995, he admitted he did not have contact with appellant prior to that day and was unable to determine if appellant was impaired during November, 1994, when she negotiated the settlement agreement, which was ultimately memorialized on January 6, 1995. Goodson stated his belief that appellant would have been able to comprehend the nature of the separation agreement and take directives from legal counsel on January 6, 1995.
We find the aforementioned findings of fact were sufficient for the trial court to make an independent analysis of the issue of whether appellant was competent at the time she entered into the separation agreement and to apply appropriate rules of law in reaching its judgment as required in Civ.R. 53(E)(5). We further find the trial court did not abuse its discretion in adopting the magistrate's findings relative to appellant's competency.
Under this assignment of error, appellant also asserts error in the magistrate's finding she continued to work during the pendency of the divorce as well as the magistrate's failure to find she was not mentally and/or emotionally capable of being gainfully employed. As noted supra, appellant's failure to provide the transcript to the trial court precludes her attack of these factual findings upon appeal.
The magistrate found appellant worked as a licensed practical nurse at the Morrow County Hospital from July 18, 1988 until May 10, 1994, when she left for another position. She returned to the hospital on October 11, 1994, but was subsequently terminated on November 13, 1994, for excessive absenteeism. During her employment at the hospital, appellant functioned appropriately in the performance of her duties.
Based upon these findings of fact, we find the trial court had sufficient evidence from which to make an independent analysis of the issues regarding appellant's ability to remain employed during the pendency of the divorce. As such, we find no abuse of discretion in the trial court's adoption of the findings of fact relative to those issues.
Having determine the trial court did not abuse its discretion in adopting the magistrate's findings relative to her competency and employability, we find appellant is unable to satisfy the second prong of the GTE Automatic test. Accordingly, we find the trial court did not abuse its discretion in overruling appellant's motion to vacate.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant asserts the magistrate erred in failing to find appellee unduly influenced appellant into entering into the separation agreement.
As we stated supra, we are precluded from considering the transcript of the motion hearing because appellant did not provide the trial court with the transcript, and; therefore, the court did not have an opportunity to review the testimony from which the magistrate drew her factual findings. As such, our review of the findings is limited to whether the trial court's adoption of said findings constitute an abuse of discretion.
The magistrate found appellant had filed the complaint for divorce on September 29, 1994. At that time, Attorney Donald Wick represented appellant. Prior to appellant's hiring Attorney Wick, appellant and appellee had attempted to negotiate the terms of a separation agreement and dissolve the marriage without the assistance of legal representation for either party. When the parties could not agree upon a property division, appellant sought legal counsel. Thereafter, the attorneys handled the negotiations. At that point, the parties had no direct communications with each other unless those communications involved their children. Neither Attorney Wick nor appellant's sister, with whom appellant resided from August, 1994, until February, 1995, observed appellee intimidate or bully appellant.
In accordance with our analysis of appellant's first assignment of error, we find the aforementioned findings of fact were sufficient for the trial court to make an independent analysis of the issue of undue influence and to apply appropriate rules of law in reaching its judgment. Accordingly, we find the trial court did not abuse its discretion in adopting any finding of fact herein assigned as error.
Appellant's second assignment of error is overruled.
 III IV
In light of our disposition of appellant's first and second assignments of error, we find appellant's third and fourth assignments of error to be moot.
The judgment of the Morrow County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.