## CONTRACTS OF CONDITIONAL SALE.

[Superior Court of Cincinnati, General Term.]

### KRUG, RECEIVER, v. NATIONAL CASH REGISTER CO.

Decided, November 2, 1903.

*Conditional Sales Contract—Provisions of Sections* 4155-2-3 *Relative to the Return of Fifty Per Cent. of Purchase Price Before Foreclosure—Can Not Be Evaded by Vendor—Equitable Lien Merged Into Contract—Vendor Can Have No Lien on His Own Property.*

1. A vendor of personal property, who chooses as his security a contract of conditional sale, can not evade the provisions of Section 4155-2-3, Revised Statutes, providing for a tender, returning fifty per cent. of the paid purchase price before taking possession, by applying to a court of equity for an accounting and foreclosure of a vendor's lien, as his common law or equitable lien, if such he had, is thereby merged in such contract.

2. A contract of conditional sale presupposes that the title to the goods remains in the vendor, and a vendor under such circumstances can have no lien upon his own property. The conditions attached to such a sale by the statute are as much a part of the contract as if specifically embodied therein, and a court of equity has no power to change such statutory rights, but in that respect equity follows the law.

PFLEGER, J.; SMITH, P. J., and FERRIS, J., concur.

The National Cash Register Company, plaintiff below, filed its petition asking for foreclosure of a lien on a cash register which it had sold to Von Felde & Bradley, basing its right so to do on a contract admitted to be a conditional sale under Section 4155-2, Revised Statutes. The petition alleged that the rights of the purchaser of the cash register under the contract were transferred to Philip Krug, receiver of the Herancourt Brewing Company, a creditor, and for an antecedent debt. It did not allege a prior tender of fifty per cent. of the amount paid on the purchase price as provided for by said section.

The error assigned is the overruling of a demurrer to such petition.

Can a vendor under a contract of conditional sale thus relieve himself from such a tender?

In Ohio a vendor of personal property may secure himself by a lien expressly reserved or by a chattel mortgage. In either of these events he may hold the chattel to the extent of the unpaid purchase money. Or he may insist upon a contract of conditional sale, reserving the title to himself, with the right to forfeit the chattel if the least amount of the entire purchase price remains unpaid. Notwithstanding the necessity of a return of one-half of the amount paid under the latter course, it is possible for him to reap an additional profit if the chattel is worth more than the difference between such fifty per cent. and the purchase price.

It is argued that this proceeding was rather in the nature of a foreclosure of a vendor's lien and not a taking possession within the meaning of the law (*National Cash Register Co.* v. *Born,* 31 W. L. B., 350; *Tufts* v. *Haynie,* 4 C. C., 494; *Caldwell* v. *Singer,* 7 C. C., 460, and *Schiff* v. *Ensley,* 14 C. C., 497, are cited). The first two authorities seem to support the contention. All of these cases, however, were decided before those of *Albright* v. *Meredith,* 58 O. S., 194; *Speyer* v. *Baker,* 59 O. S., 25.

On the other hand, it is contended that there is no such thing as a vendor's lien on personal property (Jones on Liens, Section 811; *Williams* v. *Roberts,* 5 Ohio, 36-39).

A vendor has a lien at common law for the price as long as he retains possession (Benjamin on Sales, 796). If he relinquishes possession he waives his lien (Benjamin on Sales, Section 799; *Danforth* v. *Pratt,* 42 Me., 50; *Egan* v. *A Cargo,* 43 Fed. Rep., 480). Nor does the lien arise where there is an agreement to extend credit or a distinct security is taken (*C. & A. R. R. Co.* v. *Union Rolling Mills Co.,* 109 U. S., 702-720). In the case at bar possession has been released and a distinct security taken.

Equitable liens are such as exist in equity and of which courts of equity alone take cognizance for the purpose of justice. They are frequently allowed upon the principle that equity looks upon that as done which ought to have been done (Story's Eq. Jurisprudence, Section 1215; 14 Cent. Law Jour., 42). If a lien was attempted to be secured and the method had failed, equity might enforce the method so agreed upon. It would not make a new and different contract for the parties.

The defendant below is not attempting to set aside or annul the conditional contract of sale; nor is it sought to deprive the register company of its benefits. The company is itself seeking to mould the contract into some other kind of security, and thus evade the provisions of the statute governing such contracts. This, we think, can not be done. The nature of such a contract presupposes that the title and ownership of the property remains in the vendor. Being the owner, it can not have either a lien or a chattel mortgage upon its property. This can only be done when the title passes to the purchaser (Jones on Liens, Section 820).

Plaintiff's counsel claims that a vendee is sufficiently protected against a forfeiture by this course in equity because no more than the purchase money unpaid is sought to be recovered and the vendee may have any balance that remains after the satisfaction of his claim. This same argument was rejected in the case of *Speyer* v. *Baker, supra.* The Supreme Court said that this could not prevent the application of the statute if the transaction was in fact a conditional sale, nor would it affect the rights of the parties under it; that the rights of the parties to all conditional sales were controlled by the provisions of this statute; that these provisions requiring a return of part of the purchase money were fair, just and equitable to both parties and that they entered into and became a part of every such contract of conditional sale as much as if expressly embodied therein.

*Albright* v. *Meredith, supra,* is cited by plaintiff's counsel. This was also a case involving a cash register. It was held that the seizure and taking possession of the chattel under a judgment and execution for the remainder of the unpaid purchase money was a waiver of the company's right under the contract of conditional sale. The Supreme Court said that if the company desired to avail itself of its right to subject the register to the payment of the balance due, a tender in compliance with the statute was necessary, *"or perhaps it could have resorted to a foreclosure in a court of competent jurisdiction."* This dictum is chiefly relied upon. It was argued in that case as in this that the levy of an execution upon a judgment was rather a foreclosure of the vendor's lien and not a taking possession within the meaning of the law. This may have led to the utterance of the doubtful expression referred to.

It is purposely omitted from the syllabus, and we think it inconsistent with the principles announced in the opinion and the one in *Speyer* v. *Baker, supra.* At all events, the court nowhere indicated that if a foreclosure in equity were instituted that tender under the provisions of the statute could therefore be avoided.

We are inclined to believe from an examination of these two cases that the Supreme Court clearly and distinctly announced that the rights of the parties in cases of contracts of conditional sale were fixed and determined by the provisions of the statute, and that these rights can not be altered by applying to a court of equity.

Wherever the rights or the situation of the parties are clearly defined and established by law, equity has no power to change or unsettle those rights, or that situation, but in all such instances the maxim that equity follows the law is strictly applicable (*Magniac* v. *Thomson,* 15 How. [U. S.], 199; *Matthews* v. *Mobile Mut. Ins. Co.,* 75 Ala., 85). Courts of equity can no more disregard statutory provisions that can courts of law (*Hedges* v. *Dixon County,* 150 U. S., 182-192).

If it be true therefore that the cash register company has only such lien as a contract of conditional sale would give it, and inasmuch as the parties to such contracts are absolutely controlled by the statute, it may well be doubted whether the plaintiff below had not an adequate remedy at law, and this would furnish an additional reason for refusing relief in equity in a court of chancery. The plaintiff below failed to allege tender of part of the purchase money as required by law.

For the reasons given the court below erred in sustaining the demurrer to the petition. Cause remanded for further proceedings.

*Roettinger & Gorman,* for plaintiff in error.

*Walter A. DeCamp,* contra.