OPINION
Appellant Empire Affiliates Credit Union ("Empire") appeals the decision of the Richland County Court of Common Pleas that denied its motion for replevin of Appellee Laurel Osborne's 1991 Chevrolet Corsica. The following facts give rise to this appeal. On July 18, 1995, Graig and Laurel Osborne executed a promissory note granting a security interest in both a 1991 Chevrolet Corsica, titled in appellee's name, and a 1992 Chevrolet S-10 pickup truck titled in Graig Osborne's name. On February 28, 1997, appellee filed a Chapter 7 bankruptcy petition in the Northern District of Ohio, Eastern Division. Appellee entered into a reaffirmation agreement with appellant, for both vehicles, on May 9, 1997. Subsequently, Appellee Osborne and Mr. Osborne decided to refinance the vehicles because Mr. Osborne was scheduled to have surgery. On May 30, 1997, appellee and Mr. Osborne went to appellant's office to sign the note. Although there was a place for appellee to sign the note, appellant's officer did not permit her to sign the refinancing note due to her recent bankruptcy. The last day for creditors to object to appellee's bankruptcy was June 16, 1997. Appellee's bankruptcy was discharged on June 26, 1997. Thereafter, Mr. Osborne defaulted on the loan after he filed for bankruptcy, on October 28, 1997. Mr. Osborne did not reaffirm the debt and surrendered the 1992 Chevrolet S-10 pickup truck to appellant. Appellant filed this replevin action against appellee on July 31, 1998. Appellee timely filed an answer and counterclaim. On August 20, 1998, the parties appeared before a magistrate for a hearing. The magistrate issued his decision on October 29, 1998. In his decision, the magistrate overruled appellant's motion for replevin. Appellant timely filed objections to the magistrate's decision. The trial court affirmed the magistrate's decision on December 7, 1998. Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE CREDIT UNION BY OPERATION OF FEDERAL LAW WAS NOT PERMITTED TO SEEK A NEW NOTE AND SECURITY AGREEMENT FROM DEFENDANT, LAUREL RENEE OSBORNE.
 II. THE REAFFIRMATION AGREEMENT OF MS. OSBORNE WAS AN ENFORCEABLE CONTRACT, SECURED BY A LIEN ON THE CORSICA, NOT EXTINGUISHED OR EXTINGUISHABLE BY THE ACTS OF HER HUSBAND.
 III. THE CREDIT UNION HAS AN ENFORCEABLE SECURITY INTEREST IN THE 1991 CORSICA AND THE COURT SHOULD HAVE SO FOUND.
 IV. EVEN IF THE REQUIREMENTS OF ORC 1309 WERE NOT MET, THE CREDIT UNION WAS ENTITLED TO THE IMPOSITION OF AN EQUITABLE LIEN.
Prior to considering appellant's assignments of error, we find it necessary to address the objection procedure contained in Civ.R. 53. Civ.R. 53(E)(3)(b) provides, in pertinent part: * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Although appellant timely objected to the magistrate's report, it did not request or submit a transcript of the motion hearing conducted before the magistrate or an affidavit setting forth the relevant testimony. Appellant has submitted a transcript of the motion hearing with the appellate record. However, we are precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and; therefore, did not have an opportunity to review the testimony from which the magistrate based his factual findings. See, Mattix v. Mattix (May 22, 1998), Morrow App. No. CA-860, unreported, at 3; High v. High (1993), 89 Ohio App.3d 424, 427. We explained in Mattix that: `[W]hen a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings "will be limited to whether the trial court's adoption of [the findings] constituted an abuse of discretion.'" Mattix at 3, citing Proctor v. Proctor (1988), 48 Ohio App.3d 55, 63.
Since appellant did not provide the trial court with the required evidence to support her objections, the factual findings made by the magistrate are deemed admitted.
 I
In its First Assignment of Error, appellant contends it was not permitted to seek a new note and security agreement from appellee by operation of federal law. We disagree. In support of this assignment of error, appellant maintains Section 362, Title 11, U.S. Code operates as an automatic stay upon the filing of a petition for bankruptcy and therefore, the execution of a new security agreement would have been in violation of this automatic stay provision. However, the code permits a debtor to reaffirm an indebtedness by signing an agreement to reaffirm. Such a reaffirmation agreement must be made before the granting of a discharge and contain a clear and conspicuous statement that advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of recission to the holder of such claim. Section 524(c)(2)(A), Title 11, U.S. Code. Appellee reaffirmed her debt on October 14, 1997. Appellee and Mr. Osborne refinanced the 1995 note with appellant, on May 30, 1997. Appellant permitted Mr. Osborne to grant a security interest in the 1991 Chevrolet Corsica to it even though Mr. Osborne did not own the vehicle. Appellant argues that because appellee refinanced her debt within sixty days of the date of the filing of the reaffirmation agreement, had it obtained the signature of appellee it would have been in violation of the automatic stay. Thus, appellant contends it was prevented, by operation of law, from obtaining appellee's signature on the note and security agreement for the pre-existing debt. Without discussing federal bankruptcy law, even if we accept appellant's argument, appellant could have taken other actions to protect its interests. Appellant could have waited until July 9, 1997, sixty days after the filing of the reaffirmation agreement, and then permitted appellee to refinance and sign the note and security agreement. Second, appellant could have refused to permit appellee and Mr. Osborne to refinance. However, appellant proceeded at its own peril, without obtaining appellee's signature. We do not find appellant's decision not to permit appellee to sign the note and security agreement, due to the language contained in Section 524(c)(2)(A), Title 11, U.S. Code, provides appellant grounds for relief. As noted above, appellant could have pursued other options to protect its interests. Appellant's First Assignment of Error is overruled.
 II, III
We will address appellant's Second and Third Assignments of Error simultaneously. Appellant contends, in his Second Assignment of Error, the reaffirmation agreement signed by appellee is an enforceable contract, secured by a lien on the 1991 Chevrolet Corsica. In her Third Assignment of Error, appellant maintains it has an enforceable security interest in the vehicle. We disagree with both assignments of error. In support of these assignments of error, appellant argues the reaffirmation agreement and security agreement signed by appellee survived the second note and security agreement signed by Mr. Osborne because Mr. Osborne had no ownership interest in the 1991 Chevrolet Corsica. Based on the definition of "refinancing" contained in the Ohio Revised Code, we find Mr. Osborne's act of signing the second note and security agreement extinguished the obligations of the July 18, 1995 note. R.C. 1321.01(A)(11) defines "refinancing" as: * * * [A] loan the proceeds of which are used in whole or in part to pay the unpaid balance of a prior loan made by the same licensee to the same borrower under sections 1321.01 to 1321.19 of the Revised Code.
In the case sub judice, the proceeds of the new loan were used in whole to pay the entire unpaid balance of the 1995 loan. The proceeds were not used only to pay the unpaid balance of Mr. Osborne's portion of the 1995 loan. The 1995 loan was completely extinguished by the refinancing. The testimony of Pam Beaver, appellant's collection manager, supports this conclusion. Ms. Beaver testified to the following:
 Q: Okay. And is it Empire's practice when a loan is refinanced to pay the old note with the new note?
A: Correct.
 Q: And was the old note paid in this circumstance, the old note being plaintiff's Exhibit "A"?
A: Yes. Tr. Depo. Pam Beaver at 17.
Clearly, Mr. Osborne's act of refinancing extinguished the 1995 note. Were this not the case, appellant and Mr. Osborne would be required to make payments on the 1995 note and the refinanced note. Appellant's Second and Third Assignments of Error are overruled.
 IV
In its final assignment of error, appellant contends that even if the requirements of Revised Code Chapter 1309 were not met, it is entitled to the imposition of an equitable lien. We disagree. The doctrine of equitable liens has been liberally extended in order that the intention of the parties, to create specific charges, may be justly and effectually carried out. 34 Ohio Jurisprudence 2d 428, Liens, Section 18. In Krug, Receiver v. National Cash Register Co. (1903), 1 O.N.P.N.S. 273, 275, the court stated: [Equitable liens] are frequently allowed upon the principle that equity looks upon that as done which ought to have been done. (Story's Eq. Jurisprudence, Section 1215; 14 Cent. Law Jour., 42). If a lien was attempted to be secured and the method had failed, equity might enforce the method so agreed upon. It would not make a new and different contract of the parties.
Appellant maintains appellee intended for it to retain a security interest in the 1991 Chevrolet Corsica which is evidenced by the fact that she signed a reaffirmation agreement. Appellant also argues courts have found an equitable lien arises where to do otherwise would unjustly enrich one of the parties. We conclude appellant is not entitled to an equitable lien. This is not a situation where the parties attempted to secure the lien. The record indicates appellant did not attempt to secure the lien due to appellee's recent bankruptcy. Instead, appellant, with knowledge that appellee could not sign the note and security agreement, proceeded to refinance appellee and Mr. Osborne's 1995 note. We agree with the trial court that appellant did so at its own peril. Accordingly, we find equity should not enforce the security agreement, against appellee's property, which was only signed by Mr. Osborne. Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.