**HIGH, n.k.a. Bassett, Appellee,**

v.

**HIGH, Appellant.**

[Cite as *High v. High* (1993), 89 Ohio App.3d 424.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–15.

Decided Aug. 26, 1993.

*F. Stephen Chamberlain,* for appellee.

*Paul D. Rizor,* for appellant.

EVANS, Judge.

This is an appeal from a decision of the Court of Common Pleas of Allen County granting the motion of Patricia A. High (now Patricia Bassett) requesting that defendant Nick Steven High be ordered to post a cash bond with the court for the purpose of securing future child support payments.

Patricia A. High ("appellee") and Nick Steven High ("appellant") were divorced on February 10, 1988. The court's judgment entry of divorce awarded custody of the parties' three minor children to appellee and ordered appellant to pay child support in the amount of $78 per child, per week. Support was to be paid pursuant to a wage withholding order through appellant's employer, a corporation of which appellant was the sole stockholder and CEO.

On August 20, 1991, appellee, represented by the Allen County Child Support Enforcement Agency, filed a "Motion for Contempt" and a "Motion Requesting Cash Bond to Secure Child Support," supported by allegations that appellant was delinquent and sporadic in his payment of child support. A hearing on the motions was held before a referee on October 4, 1991.

The referee's report was issued on October 31, 1991. Appellant's objections to the referee's report were timely filed. The court issued an order overruling appellant's objections, and filed its final judgment entry on January 9, 1992. Upon recommendation of the domestic relations referee, the court found that appellant was not in contempt for his failure to timely pay child support, issued a new wage-withholding order, and ordered appellant to post a security bond of $1,000. Appeal has been taken from the judgment entry ordering the posting of bond. Appellant has asserted the following assignment of error:

"The court committed prejudicial error to the harm of the defendant-appellant by ordering the defendant-appellant to post a bond to secure the payment of future child support. Such an order constitutes an abuse of discretion, error at law, and a judgment contrary to the manifest weight of the evidence."

■ To determine whether a trial court's findings of fact are against the manifest weight of the evidence, a reviewing court must essentially review the proceedings de novo, relying upon the evidence and testimony which were available to the court. Civ.R. 53(E)(6) delineates the submissions required for the trial court to consider objections to a referee's factual findings:

"The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available."

■ Although appellant herein timely objected to the report of the referee, he did not request or submit a transcript of the motion hearing or an affidavit setting forth the relevant testimony. See *In re Swain* (1991), 68 Ohio App.3d 737, 744, 589 N.E.2d 483, 487 (when objecting party includes request for transcript in objections to referee's report, court has discretion to order transcript). Appellant has submitted a transcript of the motion hearing with the appellate record. However, we are precluded from considering the transcript of the hearing, since the trial court itself was not provided with the transcript, and thus had no opportunity to review the testimony from which the referee drew her factual conclusions. In *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287, we held that, when a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings "will be limited to whether the trial court's adoption of [the findings] constituted an abuse of discretion." *Id.* at 63, 548 N.E.2d at 295. Therefore, pursuant to *Proctor,* we are precluded from considering the transcript of the hearing submitted with the appellate record. Because appellant failed to provide the trial court with the required evidence to support his objections to the referee's factual findings, our review of the trial court proceedings is limited to determining whether the court abused its discretion in adopting the referee's report.

■ Appellant argues that the court's order requiring appellant to post a bond of $1,000 as security for the payment of future child support is in derogation of R.C. 3113.21(D)(6), which prohibits the court from ordering an obligor to post a bond "unless the court determines that the obligor has the ability to do so." Appellant cites the failure of the court to make a specific "finding [on the record] that there exists an ability to pay," contending that "such an affirmative finding is necessary in the face of the mandatory nature of the section." We do not agree with appellant's contention that the language of the statute mandates an explicit "finding on the record" of the obligor's "ability to pay." Rather, we conclude that the findings and conditions imposed in the order to post bond make it clear that "the court determine[d] that the obligor has the ability to do so." See *id.*

A bond is ordered under R.C. 3113.21 if it has become evident to the court that other methods of enforcing an obligation to pay support would not be effective. A review of the record reveals that appellant became delinquent in his child support payments, thus violating the wage withholding order issued in the parties' previous divorce, due to his failure to issue himself a paycheck from his corporate earnings for a number of months.[1] However, the court found that appellant's delinquency was not due to "willful" failure, but was a consequence of a failing economy. The court further found that, although appellant did not have the money to immediately post the ordered bond, he was in the process of selling certain assets of his business in order to satisfy his debts. Therefore, the court provided that the bond be paid within two months of the order. Furthermore, pursuant to R.C. 3113.21, the court, in its order for the payment of a bond, notified appellant that he may request a cancellation of the bond order when he obtains employment or recommences the drawing of a salary from his corporation to comply with the wage withholding order.

We may only find that the trial court abused its discretion if it is determined that the court's actions were clearly "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Considering that appellant has exclusive control over compliance with the original wage withholding order,[2] and in light of appellant's support payment history, we do not find the court's orders to be unreasonable, arbitrary, or unconscionable, such as would be required to find an abuse of discretion. The court found the need for imposition of a bond in this case, and determined that, under the conditions imposed by the bond order, appellant would be able financially to post the bond. Therefore, appellant's assignment of error is overruled.

Having found no error in the trial court prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.

---

1. The court found appellant to be in exclusive control of the wage withholding process, since he was the sole shareholder and officer of his welding corporation.

2. See fn. 1, *supra*.