OPINION
This is an accelerated appeal taken from a final order of the Juvenile Division of the Geauga County Court of Common Pleas. Appellant, John D. Gadd, appeals from the denial of his motion to dissolve various restraints on the disposition of an Individual Retirement Account ("IRA") in exchange for the posting of a cash bond as security for his child support obligation.
This action has its origins in two paternity proceedings instituted against appellant by appellee, Irene Z. Church. Appellee gave birth to two children, Lauren and John, in 1984 and 1986, respectively. After the birth of each child, appellee filed a court action for the purpose of establishing paternity. The actions culminated with appellant being declared the natural father of Lauren and John. Appellant was ordered to pay child support to appellee. After the entry of these judgments, appellant and appellee continued to litigate the issue of child support in the trial court.
Following the issuance of a child support order by the trial court in 1994, appellant appealed to this court. In Church v.Gadd (Aug. 4, 1995), Geauga App. No. 94-G-1864, unreported, we reversed the trial court's judgment with respect to the amount of child support owed by appellant and remanded the matter for recalculation. The trial court recalculated the numerical figure and filed its judgment entry on October 4, 1995. This order continued in force through the time of the present appeal.
During the course of the litigation, appellant fell behind in his child support payments. On March 1, 1993, the trial court had issued a judgment entry ordering appellant to pay a sum of money equaling the principal and interest created by his arrearages. In this judgment entry, the trial court ordered that appellant's PaineWebber IRA be attached for the purpose of releasing money in the account to the Geauga County Child Support Enforcement Agency pursuant to R.C. 3113.21(D)(5)(a). In addition, the trial court's order required appellant to post a $10,000 cash bond with the court under the auspices of R.C. 3113.21(D)(6). The function of the cash bond was to secure the future performance of appellant's child support obligation.
Despite this judgment entry of March 1, 1993, appellant's arrearages were not satisfied through deductions from his IRA, and appellant was never actually compelled to deposit the cash bond with the court. Appellant, however, did eventually manage to pay the full amount of the child support principal and interest by early 1995. Upon doing so, appellant made a motion in the trial court on June 16, 1995 to dissolve the court's prior attachment of his PaineWebber IRA. The trial court ruled on the motion on July 11, 1995. In its order, the trial court found that appellant had paid the full amount of past due child support and ordered that the IRA attachment be dissolved.
The trial court also vacated its previous order requiring appellant to post the $10,000.00 cash bond. In lieu of the bond, however, the trial court ordered that appellant was "restrained and enjoined from transferring, concealing, encumbering, withdrawing, or disposing of any of the funds on deposit in his PaineWebber IRA" unless permitted to do so by the court. The order also enjoined PaineWebber from releasing funds to appellant without the prior consent of the court.
In September 1995, appellant turned fifty-nine and one-half years old. Under the terms of the IRA, appellant would have incurred an early withdrawal penalty had he attempted to retrieve money from the account prior to attaining this age. On December 21, 1995, appellant moved the trial court to dissolve the restraints on his IRA in exchange for appellant posting a $10,000.00 cash bond. The trial court held a hearing on the motion on February 16, 1996. At this proceeding, appellant testified as to his desire to have the restraints lifted from the IRA and his willingness to post the cash bond in return. Additionally, appellant testified that the value of the IRA was approximately $200,000.00. The trial court, however, denied appellant's request in a judgment entry filed March 13, 1996.
From this decision, appellant timely filed an appeal with this court in which he asserts the following assignments of error:
 "[1.] In its Judgment filed March 13, 1996 (TD 124) [,] the trial court abused its discretion and erred to the prejudice of Defendant-Appellant by refusing to remove the restraints on disposition of his IRA that it had imposed in its order of July 11, 1995, and by refusing to impose instead the requirement that he post a cash bond.
 "[2.] In its Judgment filed March 13, 1996 (TD 124) [,] the trial court erred to the prejudice of Defendant-Appellant and acted contrary to law by refusing to allow him to post the cash bond provided for in R.C. Section 3113.21 as security for payment of child support in lieu of restraints on disposition of his IRA."
In these assignments, appellant essentially puts forth two arguments. First, appellant contends that the trial court erred as a matter of law by imposing the restraint on his IRA. Under this proposition, appellant alleges that the trial court's action was not authorized by the relevant statute governing the enforcement of child support orders. Second, appellant maintains that even if it was within the trial court's discretion to restrain the disposition of his IRA in order to secure the performance of his child support obligation, the trial court abused such discretion by refusing to lift the restraints in exchange for the cash bond. We will consider appellant's assignments in this order, which is the reverse of how appellant listed them in the brief he submitted to this court.
The first question that we must address is whether the trial court exceeded its statutory authority by imposing restraints on the disposition of appellant's IRA. Generally speaking, when child support is awarded under Ohio law, the trial court is required to issue appropriate support orders in order to ensure that its judgment is carried out. R.C. 3113.21(D) is the relevant code provision that provides the statutory basis for such orders.[1] It contains specific descriptions of the types of orders and notices that may be issued by the trial court.
The preferred method of effectuating child support payments is payroll withholding. Thus, under subdivision (D)(1) of R.C.3113.21, the trial court may order the obligor's employer to withhold a specified amount from the obligor's wages or salary. This option is obviously only available if the obligor is employed. If the obligor is self-employed, unemployed, or underemployed, then a payroll deduction may be either unavailable or insufficient to meet the amount of the child support order.
For this reason, the statute goes on to include numerous other potential sources of income within its scope. Subdivision (D)(2) allows for the withholding of workers' compensation benefits, while subdivision (D)(3) permits the trial court to attach pensions, annuities, allowances, and other benefits received by the obligor. Subdivision (D)(4) then encompasses many other sources of revenue: disability or sick pay; insurance proceeds; lottery prize awards; federal, state, or local governmental benefits to the extent they can be deducted or withheld under the law governing the benefits; any trust or endowment fund; vacation pay; commissions; bonuses; or any lump-sum payment. Under subdivision (D)(5), if the trial court determines that the obligor has funds on deposit in a financial institution, the court may require the institution to deduct a specified amount to pay a child support order.
The first five sections of R.C. 3113.21(D) describe those financial resources that are available for the payment of child support. The next two sections, R.C. 3113.21(D)(6) and (7), are different in character. They do not outline any specific source of income or asset that is subject to being seized in order to satisfy a support order or arrearages owed by the obligor. Rather, they simply provide the trial court with two methods by which it can encourage the obligor to pay his or her child support.
Subdivision (D)(7) permits the trial court to issue a "seek work" order. Under this section, the trial court can compel the obligor to seek employment if the obligor is unemployed, has no other income, and does not have an account at a financial institution.
Finally, under subdivision (D)(6), the trial court may issue an order requiring the obligor to enter into a cash bond with the court. The terms of the statute mandate that the bond be no less than $500.00 nor more than $10,000.00. The bond is conditioned on the obligor paying support as previously ordered and any arrearages under any prior support order that pertained to the same child or children. The order requiring the posting of a cash bond can be issued as part of the initial support order or as a separate order. R.C. 3113.21(D)(6).
The statute does not contain express conditions for the issuance of the cash bond. The only requirement appears to be that the trial court may "not order an obligor to post a cash bond * * * unless the court determines that the obligor has the ability to do so." Id. This provision does not place an affirmative duty on the trial court to hold an evidentiary hearing in order to determine whether the obligor has the financial ability to post a cash bond. Straw v. Straw (Sept. 2, 1988), Lucas App. No. L-87-386, unreported, at 6-7, 1988 Ohio App LEXIS 3551. Rather, there must simply be some evidence in the record that demonstrates that the obligor is capable of posting the bond.
Appellant maintains that R.C. 3113.21 does not authorize the trial court's restraints on the disposition of his IRA. Under this view, the exclusive method for securing future payments of child support is the posting of a cash bond under R.C.3113.21(D)(6). Appellant asks this court to apply a de novo
standard of review in concluding that the trial court's action was improper as a matter of law. Appellee, on the other hand, contends that nothing in R.C. 3113.21 expressly prohibits the trial court from restraining appellant's IRA. While acknowledging that R.C. 3113.21(D)(6) does allow for a cash bond to be posted as security, appellee contends that the trial court still had the discretion to restrain the IRA. From this perspective, the trial court's decision should simply be subject to review for an abuse of discretion.
Upon consideration of the question, we conclude that the trial court did not have the authority to impose the restraints on appellant's IRA. We can discern no statutory basis for this action. R.C. 3113.21 governs the enforcement of child support orders. As previously discussed, it contains elaborate descriptions of the types of orders that may be issued by the trial court against the obligor for the payment of child support.
R.C. 3113.21(D)(5)(a) addresses the scope of the trial court's power against the obligor's funds on deposit with a financial institution. It allows the trial court to compel the institution "to deduct from the obligor's account a specified amount for support in satisfaction of the support order[.]" Thus, in the present case, the trial court could have attached the funds in appellant's IRA for the purpose of paying the actual monthly child support, but it could not restrain the disposition of these funds as a form of security.
The posting of a cash bond pursuant to R.C. 3113.21(D)(6) is the only form of security authorized by the statute. The imposition of a cash bond to assure that the obligor pays child support is also expressly authorized by R.C. 3115.23(A), which is part of the Uniform Reciprocal Enforcement of Support Act as adopted by Ohio in R.C. Chapter 3115. Because there is a statutory provision providing for a form of security, we do not believe that the trial court had the discretion to fashion its own method for ensuring that appellant continues to pay his monthly child support.
Thus, R.C. 3113.21 provides the trial court with a wide variety of options for compelling the actual payment of the child support award. On the more narrow question of what form of security the obligor can be forced to furnish, the statute limits the trial court to requiring a cash bond. The trial court's discretion is only invoked when deciding whether the imposition of the bond is appropriate in the first place and, if so, the amount of the bond within the statutorily prescribed range of not less than $500.00 nor more than $10,000.00. See High v. High (1993), 89 Ohio App.3d 424,428.
In the case sub judice, the trial court erred as a matter of law by denying appellant's motion to remove the restraints on his IRA in exchange for the posting of a cash bond. As a result, appellant's second assignment has merit.
In his first assignment of error, appellant argues that the trial court abused its discretion by refusing to remove the restraints on the disposition of his IRA. We need not address this assignment given our holding that the trial court erred as a matter of law by requiring something other than a cash bond as security for the performance of a child support obligation.
For the foregoing reasons, appellant's second assignment of error is well-taken. Accordingly, the judgment of the trial court denying appellant's motion to remove the restraints on his IRA is reversed, and the cause is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, JUDGE.
FORD, P.J., concurs.
CHRISTLEY, J., dissents with dissenting opinion.
[1] Although we will discuss R.C. 3113.21 as it relates to child support, the statute also applies to spousal support orders.