OPINION
Appellant, Franklin County Children Services, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, sustaining the objection of appellee, Angela Huffman, to the magistrate's decision and remanding the matter to the magistrate for a new hearing.
Appellant was granted temporary custody of the minor child, Heaven Leigh George, on January 6, 1997, based upon a dependency filing by appellant. Appellant filed a motion for permanent custody, pursuant to R.C. 2151.413, on April 29, 1998, and a second identical motion for permanent custody on May 20, 1998. Appellee was personally served with the motion on May 9, 1998, and a personal service return was filed with the court. Appellee was present for the original hearing held before the magistrate on June 24, 1998. Appellee requested a continuance to obtain counsel, and she signed the continuance form indicating that the hearing was continued to July 27, 1998. The court appointed an attorney to represent appellee on June 26, 1998. However, appellee did not appear at the July 27, 1998 hearing, so her attorney obtained a continuance until September 15, 1998.
At the September 15, 1998 hearing, appellee again failed to appear. Her attorney requested that he be allowed to withdraw, and the magistrate granted the motion. The magistrate proceeded with a hearing on the permanent custody motion. The magistrate issued a decision, which was adopted by the trial court on September 23, 1998, granting the permanent custody motion and terminating appellee's parental rights. Appellee subsequently obtained another court-appointed attorney and filed timely objections to the magistrate's decision. Appellee requested that a transcript of the proceedings be filed; however, the transcript was not prepared because appellee's counsel failed to comply with the trial court's procedure for having the transcript prepared at the state's expense.
The trial court held a hearing on appellee's objections on November 20, 1998. The trial court issued a decision on December 10, 1998, in which the trial court did not address any of appellant's fact-based objections due to the lack of a transcript. The trial court found that it is questionable whether appellee received notice of the September 15, 1998 hearing. Consequently, the trial court sustained appellee's objection and remanded the matter to the magistrate for a new hearing.
Appellant filed a timely notice of appeal. Appellant also filed a motion for the transcript of the June 24, 1998 and September 15, 1998 hearings to be prepared at its expense, which the trial court granted. In her brief, appellee designated three assignments of error as a cross-appeal to be considered only if appellant's assignments of error are sustained. However, appellee failed to file a notice of cross-appeal, as required by App.R. 3(C) and 4(B) (1). Consequently, this court lacks jurisdiction to consider appellee's cross-appeal.
On appeal, appellant asserts three assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred in ruling that Appellee had inadequate notice of the hearing on [the] Motion for Permanent Custody and that Appellee was thereby deprived of Due Process of Law.
 SECOND ASSIGNMENT OF ERROR:
 The trial court erred in ruling that Appellee was denied opportunity to be heard at hearing on the Motion for Permanent Custody and that Appellee was thereby deprived of Due Process of Law.
 THIRD ASSIGNMENT OF ERROR:
 The trial court abused [its] discretion in determining that Appellee was entitled to another hearing on the Motion for Permanent Custody based on the erroneous ruling that Appellee was deprived of Due Process of Law.
In appellant's first and second assignments of error, appellant argues that the trial court erred in ruling that appellee had inadequate notice and was denied the opportunity to be heard, thereby violating her due process rights. Appellant argues that, because appellee was properly served with the motion and provided with notice of the initial hearing, her due process rights were not violated. Appellant also argues that the trial court erroneously relied upon facts not in the record to reach its conclusion. Appellee argues that, without a transcript of the objections hearing, this court cannot review the trial court's finding that the notice of the hearing was inadequate.
It appears from the trial court's decision and the parties' briefs that conflicting evidence was presented at the objections hearing regarding what notice appellee received of the September 15, 1998 hearing. Although appellant argues it was improper, a trial court is permitted to consider additional evidence at an objections hearing under Juv. R. 40(E) (4) (b). However, without a transcript of the objections hearing, this court is unable to review what evidence the trial court considered. The Supreme Court of Ohio has held that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
The transcripts that were filed by appellant were from the two prior hearings on the motion. Appellant filed the motion to have these transcripts prepared after the trial court had already ruled on appellee's objections. Because these transcripts were not considered by the trial court in ruling on appellee's objections, we are precluded from considering them on appeal.State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730; High v. High (1993), 89 Ohio App.3d 424, 427. Without the transcript of the November 20, 1998 objections hearing, this court has nothing to pass upon and must affirm underKnapp. Consequently, appellant's first and second assignments of error are overruled.
In appellant's third assignment of error, appellant argues that the trial court erred by remanding the matter to the magistrate for rehearing. We disagree.
Appellant argues that the trial court erred by giving appellee the benefit of the doubt as to whether she received adequate notice of the September 15, 1998 hearing. Appellant also argues that the trial court's decision is inaccurate and that it serves only to create further delay in obtaining permanency for the minor child.
As this court stated above, we cannot review the factual basis of the trial court's finding that appellant did not have adequate notice without a transcript of the November 20, 1998 objections hearing. The United States Supreme Court has recognized that a parent has a fundamental liberty interest in the care, custody, and management of his or her child. See, e.g.,Santosky v. Kramer (1982), 455 U.S. 745, 753; 102 S.Ct. 1388,1394-1395. Given the gravity of permanently terminating the mother's parental rights and her fundamental liberty interest, the trial court did not err in remanding the matter to the magistrate for rehearing in the face of conflicting evidence as to her notice of the hearing. Additionally, a careful review of the trial court's decision does not support appellant's contention that the trial court inaccurately interpreted or overlooked portions of the court record. Finally, the decision to remand for rehearing did not cause as much delay in obtaining permanency for the child as appellant's decision to appeal the trial court's decision, which has added another year to reaching a final resolution of this matter. Consequently, appellant's third assignment of error is overruled.
Based upon the foregoing reasons, appellant's three assignments of error are overruled, and the decision of the trial court is affirmed.
Judgment affirmed.
BOWMAN, J., and LAZARUS, P.J., concur.