OPINION
Appellant, Mary E. Zimmer, appeals the judgment entry of the Geauga County Court of Common Pleas modifying appellee's, Steve L. Zimmer, visitation schedule with their minor children.
Appellant and appellee were married on August 22, 1986. During the marriage, three children were born as issue of the parties: Chelsea, Danny, and Mitchell. The marriage was terminated by a "Judgment Entry of Divorce" filed on February 18, 1997. The divorce was granted on the grounds of incompatibility. Pursuant to the entry of divorce, appellant was awarded custody of their three minor children and appellee was permitted visitation in accordance with the Geauga County Court's standard order of visitation. The visitation schedule allowed appellee to have visitation with his children on alternating weekends and three weeks during the summer.
On February 12, 1997, appellee decided to move from Geauga County, Ohio, to Wisconsin. After moving to Wisconsin, appellee found it difficult to exercise visitation with his children every other weekend. Consequently, he filed a motion to modify visitation. Appellant filed a motion to require appellee to replenish an $8,000 bond that he had depleted to make child and spousal support payments. The bond was to be posted by appellee from the proceeds of the sale of the parties' residence. The trial court held a hearing on the motions on June 9, 1998.
In a judgment entry filed on June 11, 1998, the trial court granted appellee's motion to modify visitation and overruled appellant's motion to require appellee to replenish the bond. In granting appellee's motion, the trial court held that "liberal visitation between the father and the children is encouraged," and set forth a visitation schedule to be followed unless otherwise ordered.
Appellant timely appealed the trial court's June 11, 1998 judgment entry, and now asserts the following assignments of error:
 "[1.] The trial court erred in modifying visitation.
 "[2.] The court erred in denying the motion to replenish [the] bond."
In the first assignment of error, appellant argues that the visitation should not have been modified because there was no change in circumstances from the date of the divorce decree, since appellee moved before the date of the decree. In asserting the assignment of error, appellant acknowledges that this court's previous cases concerning modification of visitation do not require a change in circumstances for the trial court to make such modification. However, appellant requests that this court adopt the reasoning of Jacobs v. Jacobs (1995),102 Ohio App.3d 568, in which the Ninth District Court of Appeals held that a change in circumstances was required in order for a trial court to modify visitation.
Although appellant properly recites the holding in Jacobs, she ignores the recent decision of the Supreme Court of Ohio inBraatz v. Braatz (1999), 85 Ohio St.3d 40. InBraatz, the Ohio Supreme Court overruled the line of cases requiring a change in circumstances for there to be any modification of visitation, when it held the following:
 "1. Modification of visitation rights is governed by R.C. 3109.05.1.
 "2. The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C. 3109.05.1(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." 85 Ohio St.3d at paragraphs one and two of the syllabus.
 Under the rule of law set forth in Braatz, the Supreme Court of Ohio has implicitly overruled the holding in Jacobs. Therefore, appellant's first assignment of error is clearly without merit.
In the second assignment of error, appellant contends that the trial court erred by failing to require appellee to replenish the $8,000 bond that was originally posted in June 1997.
The posting of a cash bond is governed by R.C. 3113.21(D)(6), which allows a trial court to require a party to post a bond unless the court determines that a party is unable to do so. The motivation behind R.C. 3113.21(D)(6) arises from the general proposition that when a support order is awarded under Ohio law, trial courts must be able to assure that their judgments are carried out. Church v. Gadd (Feb. 12, 1998), Geauga App. No. 96-G-1978, unreported, at 9. The decision to order or not to order the posting of a bond is within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Id. at 9; High v. High (1993), 89 Ohio App.3d 424,428.
In AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, the Ohio Supreme Court defined the phrase "abuse of discretion" as:
 "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
 "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." (Citation omitted.)
In the instant matter, appellant merely asserts that the trial court erred by failing to order that the bond be replenished. In reviewing her assignment of error, there is no contention that the trial court committed an abuse of discretion by overruling her motion, nor is there any supporting argumentation supporting such a finding. Instead, the record demonstrates that appellee has faithfully paid his support orders. Therefore, we are unable to conclude that the trial court's decision to not require the posting of a bond was unreasonable, arbitrary, or unconscionable. Thus, appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Geauga County Court of Common Pleas is affirmed.
CHRISTLEY, J., O'NEILL, J., concur.