JOURNAL ENTRY AND OPINION
Plaintiff Anthony Hernton appeals from the judgment of the domestic relations court which adopted the report of the magistrate as to the termination date of his marriage and the value of certain marital assets. For the reasons set forth below, we affirm.
The parties were married on March 23, 1991. No children were born as issue of the marriage. On October 3, 1997, plaintiff filed for divorce on the grounds of incompatibility. Defendant filed an answer and counterclaim for divorce and the matter proceeded to trial before a magistrate on February 4, and May 20, 1999. Thereafter, on June 28, 1999, the magistrate issued a decision with Findings of Fact and Conclusions of Law which provided in relevant part as follows:
O.R.C. 3105.171(A)(2) provides:
 During the marriage means whichever of the following is applicable: (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation; (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, during the marriage means the period of time between those dates selected and specified by the court.
 The Magistrate finds that the statute gives priority to the trial date and only provides for an exception where application of the general rule would be inequitable. The Magistrate finds that the parties had been separated about 10 months when the divorce was filed and that the remainder of the two (2) year period between the separation and the commencement of trial on February 4, 1999 resulted from the inability of the parties to settle their differences. The Magistrate can find no compelling equitable reason to remove this case from the general rule of O.R.C. 3105.171(A)(2). Therefore, for purposes of this property division during the marriage is the period from March 23, 1991 to February 4, 1999.
* * *
 Using August 11, 1998 which is the latest date for which a valuation was provided, the value of Plaintiff's pension under the money purchase method, with COLA and with an offset of $12,771.18 for Plaintiff's hypothetical Social Security benefit, is $27,957.33.
 Defendant's expert witness, Raymond Fountain, testified to his appraisal of the home, (Defendant's Exhibit B). He developed the appraisal through the use of comparables and his own inspection of the property. The appraisal was done September 17, 1998, and the value determined to be $66,900.00. The Magistrate finds the expert's testimony to be credible. Plaintiff and Defendant's figures are sufficiently similar to justify the use of $55,000.00 as the balance as of April 1998.
On July, 8, 1999, or prior to the expiration of the time period within which to object, plaintiff filed a motion for an extension of time within which to submit objections to the magistrate's report. On July 26, 1999, plaintiff filed a second motion for an extension of time. Thereafter, plaintiff was granted until (Saturday) August 7, 1999 to submit objections.
On (Monday) August 9, 1999, plaintiff filed a third motion for an extension of time and asked for an additional fourteen days within which to file his objections. As with the preceding two motions for extensions of time, there were no reasons offered in support of the request. On August 17, 1999, the trial court granted this motion and plaintiff was given until August 27, 1999 within which to file his objections. On August 26, 1999, however, the trial court determined that the order granting plaintiff until August 27, 1999, was issued in error and it subsequently denied plaintiff's third motion for an extension of time.
On August 27, 1999, plaintiff submitted his objections. Plaintiff asserted that the magistrate erred in determining the de facto termination date of the marriage, the value of the marital home, and the value of plaintiff's pension. The objections were supported by, inter alia, two pages of transcript covering a portion of the re-direct testimony of David Kelley, defendant's expert valuation witness. The trial court subsequently overruled the objections, noting leave to file was denied, out of rule. The trial court adopted the recommendations of the magistrate and plaintiff now appeals and assigns four errors for our review.
Plaintiff's first assignment of error states:
 THE JUDGMENT ENTRY OF THE TRIAL COURT DATED OCTOBER 20, 1999, IS CONTRARY TO THE SPIRIT OF THE CIVIL RULES AND LAW FOR ITS FAILURE TO CONSIDER THE CASE ON ITS MERITS.
Within this assignment of error, plaintiff asserts that the trial court erred in denying his third request for an extension of time within which to file his objections to the report of the referee.
Civ.R. 53(E)(2) states that a party may, within fourteen days of the filing of a referee's report, file written objections to such report. A party may file an extension of time, with leave of the court: (1) with or without motion if the request is made before the expiration of the allotted time period, or (2) upon motion after the allotted time has expired if the failure to act was the result of excusable neglect. Russell v. Russell (1984),14 Ohio App.3d 408, 410; Civ.R. 6(B). The trial court has discretion in granting such motions. Savioli v. Savioli (1994), 99 Ohio App.3d 69,71.
In this instance, we conclude that the trial court erred in denying plaintiff's August 9, 1999, motion for an extension of time. The original fourteen day period for submitting the objections was twice extended by order of the court. The time period for responding then ended on August 7, 1999. Since this was a Saturday, the period was therefore extended to that Monday. Civ.R. 6(A). As so extended as a matter of law, the third request for an extension was filed prior to the expiration of the allotted time.
Further, because the trial court initially granted the motion, plaintiff's counsel believed for nine days that he had until August 27, 1999 to submit his objections. The trial court's untimely reversal of this decision on August 26, 1999 was therefore unreasonable and arbitrary and thus erroneous.
Nonetheless, we are unable to conclude that this error isreversible error herein since plaintiff failed to comply with Civ.R. 53(E)(6). Civ.R. 53(E)(6) provides that the court may adopt any finding of fact in the referee's report without any further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit if no transcript is available. See, also, High v. High (1993), 89 Ohio App.3d 424,427; Purpura v. Purpura (1986), 33 Ohio App.3d 237,239. Because plaintiff did not include all relevant portions of the transcript from the referee's hearing, and a transcript was available, the court was permitted to adopt any finding of fact in the referee's report without any further consideration. Thus, there is no basis from which we may conclude that the trial court abused its discretion in adopting the magistrate's report in this instance, notwithstanding the court's erroneous denial of plaintiff's final request for an extension of time.
This assignment of error is therefore without merit.
Plaintiff's remaining assignments of error state:
 THE DECISION OF THE TRIAL COURT OF THE DATE OF THE TERMINATION OF MARRIAGE IS CONTRARY TO LAW, EQUITY AND THE REQUIREMENTS OF THE OHIO REVISED CODE SECTION 3105.171(2) BY FAILING TO SET THE DE FACTO TERMINATION DATE AS THAT WHEN THE DEFENDANT ABANDONED THE MARITAL HOME TWO YEARS PRIOR TO THE DATE OF FINAL HEARING.
 THE DECISION OF THE TRIAL COURT AS TO THE VALUATION OF THE MARITAL HOME IS CONTRARY TO LAW AND EQUITY AND CONSTITUTES AN ABUSE OF DISCRETION.
 THE DECISION OF THE TRIAL COURT AS TO THE VALUATION OF THE PLAINTIFF'S PERS PENSION PLAN IS CONTRARY TO LAW AND EQUITY AND CONSTITUTES AN ABUSE OF DISCRETION.
Plaintiff's remaining assignments of error challenge the judgment of the trial court insofar as it adopted the findings of the magistrate.
As noted previously, where a party objects to the report of a magistrate but fails to provide a transcript of the hearing or any other evidentiary material to contest the referee's findings, the trial court may properly adopt the magistrate's factual findings. Purpura v. Purpura, supra.
Moreover, in the absence of a transcript, appellate review is limited to whether the trial court's adoption of the findings constituted an abuse of discretion. High v. High, supra. In this instance, we find no abuse of discretion. The report of the magistrate contained a detailed recitation of the evidence presented at the hearing and the facts upon which she based all of her conclusions. In the absence of any opposing evidence from plaintiff, the trial court had a sufficient basis upon which to analyze the issues and to apply appropriate rules of law in reaching its decision.
Plaintiff's second, third and fourth assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.