OPINION
John William Wise, Sr. was divorced from his wife Gwendolyn Marie Wise on September 22, 2000. In the final decree, John Wise was ordered to pay his former spouse $400.00 a month in spousal support for six years subject to the court's continuing jurisdiction over the alimony issue. Wise contends in this appeal that the trial court's award of spousal support to Gwendolyn Wise was excessive.
John and Gwendolyn were married in 1981 and they had one child, Salathiel Jonta Wise, who was born in 1984. The magistrate made the following factual findings in her report to the trial court:
 The plaintiff is employed full time at Harco Brake Systems. Her currently hourly rate is $8.75 per hour. Her gross earnings with approximately $4,000 in overtime were $22,850.71 in 1999. She maintains health insurance for the minor child at the marginal cost of $1,446 per year. The defendant is currently employed at Consolidated Construction Services in Florence, Kentucky through Carpenter's Union 104. His hourly rate is $21.05 per hour. His union dues are $21 per month, plus $40 per week "check-off dues." Health insurance is provided through United Healthcare at no cost. He works an average of 40 hours per week and 20 hours per week at time and a half for an estimated base income of $43,784 and overtime of $32,838 or total gross earnings of $76,622.
(Emphasis ours).
The magistrate made the following finding and recommendation regarding the award of spousal support:
 The parties were married for approximately 19 years and have been separated for approximately 2 + years. Taking into consideration the plaintiff's and defendant's base wages, the fact that he is custodian for the minor child and will be absorbing over 75% of the child support required by Ohio law, the difference of earnings between the parties, and the term of the marriage, it is the order of this magistrate that the defendant pay to the plaintiff the sum of $400 per month spousal support for a period not to exceed six years, subject to the continuing jurisdiction of the court. Spousal support shall be taxable to the plaintiff and deductible to the defendant. Said spousal support shall terminate earlier upon the death of either party or the remarriage of the plaintiff.
Appellant filed objections to the magistrate findings and recommendations contending his "carpenter overtime is rare and should not be considered into yearly wages." The trial court overruled appellant's objections noting that he had not filed with the court a transcript of the proceedings before the magistrate., Appellant argues in his sole assignment that the spousal support award was excessive because Gwendolyn Wise never demonstrated a need for the alimony. Indeed, he notes there was no "testimony" that his former wife ever received any support from him during the three years they were separated before she filed the divorce complaint against him. Appellant also noted that he "testified" that he was getting "probably about" 20 hours overtime at time and a half. Appellant made references to the transcript of proceedings before the magistrate which he filed with this court on February 7, 2001, but which he didn't file with the trial court along with his objections.
Civ.R. 53(E)(3)(b) provides that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, the Ohio Supreme Court observed:
 When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. High v. High (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802-803; Civ.R. 53(E)(6); Proctor v. Proctor (1988), 48 Ohio App.3d 55, 548 N.E.2d 287; see, also, Purpura v. Purpura (1986), 33 Ohio App.3d 237, 515 N.E.2d 27.
 In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. Krause v. Krause (Apr. 27, 1995), Cuyahoga App. No. 66809, unreported, 1995 WL 248527.
The trial court is vested with broad discretion in awarding spousal support to a spouse. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64.
R.C. 3105.18(C)(1) sets forth several factors for a trial court to consider when it decides if a spouse should be awarded support and, if so, the amount to be awarded. Some of the factors to be considered are: the income of the parties; the parties' relative earning abilities; the ages and physical, mental, and emotional conditions of the parties; the retirement benefits of the parties; the duration of the marriage; the standard of living established during the marriage; the education of each party; the assets and liabilities of each party; the contribution of one party to the other party's education, training, or earning ability; the time and expense necessary for the spouse seeking support to acquire education, training, or job experience; tax consequences; lost income production capacity of either party; and any other factor that a trial court finds to be relevant and equitable.
The magistrate recommended the award of spousal support after noting the difference in the parties' incomes and the duration of the parties' marriage (19 years). Presumably, the trial court also considered the standard of living the parties' established during their marriage which was surely reduced when the parties began living separate and apart as a result of the divorce.
The appellant also argues that the trial court should have determined his overtime income by calculating the yearly "average" of all overtime received during the three years immediately prior to the time the alimony obligation was computed as is required for child support computations under R.C. 3113.215(B)(5)(d). While we agree that such an overtime computation may have been more equitable, it is not mandated by law for spousal support determinations, and we cannot say the trial court abused its discretion in failing to use this method in determining the appropriate level of spousal support.
We do not find that the trial court abused its discretion in awarding appellee $400 monthly for six years. If appellant's overtime income becomes unavailable to him, or is substantially reduced he may move the trial court to modify the spousal support award because the trial court reserved jurisdiction for just such a contingency. See, Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
YOUNG, J. and GLASSER*, J., concur.
* Honorable George M. Glasser, Retired from the Sixth District Court of Appeals, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.