JOURNAL ENTRY AND OPINION
Myron Brown appeals from a judgment of the domestic relations court denying his motion to terminate/modify a shared parenting plan. He assigns the following error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S MOTION TO TERMINATE THE SHARED PARENTING PLAN.
Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court.
Myron Brown and Pamela Brown were married on July 5, 1983 and produced two children, Jonathan (d.o.b. 6/28/86) and Angela (d.o.b. 9/25/91). In April 1997, the domestic court granted Pamela a divorce. At that time, the parties had entered into a shared parenting plan. In May 1999, Myron moved to terminated the shared parenting plan and the court conducted a hearing on the motion on April 4, and April 10, 2000.
The magistrate filed his decision, along with findings of facts and conclusions of law on May 25, 2000, denying Myron's motion to terminate the shared parenting plan. Myron timely filed objections to the decision; however, the court overruled the objections and adopted the magistrate's decision in its entirety. Myron failed, however, to file a copy of the transcript of the hearing before the magistrate for the judge's review.
At the outset, we must state that Pamela has asked us to presume regularity and dismiss Myron's appeal because he failed to file a transcript of the proceeding before the magistrate with his objections for the trial court's review, even though it has been filed with this court.[1] Although we believe this failure has a consequence, we decline to dismiss and will review the magistrate's decision under an abuse of discretion standard.
In his sole assignment of error, Myron alleges the court erred when it denied his motion to terminate the shared parenting plan.
Civ.R. 53(E)(3) provides the procedures which must be followed when filing objections to a magistrate's report. Civ.R. 53(E)(3)(b) states:
 Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Because Myron failed to provide the trial court with a copy of the transcript to support any of his objections, our review is limited to determining whether there was an abuse of discretion in adopting the magistrate's report without reference to the transcript submitted with the appellate record.[2] Therefore, to the extent Myron relies upon evidence from the hearing transcript, which he did not provide for the trial court to consider in ruling on his objections, his argument must fail.[3]
Pursuant to R.C. 3109.04(E)(2)(c), a court may terminate a shared parenting plan on the request of one or both of the parents if it determines that it is in the best interest of the children. In determining the best interests of the children, the court shall consider all relevant factors enumerated in R.C. 3109.04(F)(1) and (2).
Without having the benefit of the transcript of the hearing, the trial court was prevented from reviewing testimony presented which formed the basis of the magistrate's decision. However, we are permitted to contain our review of the trial court's actions to the magistrate's report, which the court adopted in its entirety.
A review of that document reveals Myron failed to complete any portion of the requirements set forth in the shared parenting plan. Specifically, the magistrate found, and the court agreed, Myron had begun counseling with Dr. Greer and after four individual sessions and seven sessions with his children, Dr. Greer began her maternity leave. [Myron] has offered no logical explanation as to why his case could not be handled by another therapist if Dr. Greer was unavailable after July 1998. The magistrate further determined [n]either of these parents are working toward a goal of improving their children's relationship with Mr. Brown. Each has pursued a self-serving agenda which has accomplished nothing.
In reaching the conclusion to deny Myron's motion to terminate the shared parenting plan, the magistrate stated, [n]either the mother or father should be permitted to have sole decision making authority over these children when considering the deficiencies present in both parents. Once a new counselor and supervisor are chosen, Mr. Brown must comply with the counseling requirements and renew contact with his son and daughter.
The magistrate further found Pamela makes little effort to honor and facilitate the children's visitation with their father and cares very little about nurturing that relationship.
It is also noted in the magistrate's report the only individual focused on the best interest of the children was the Guardian ad Litem. The court found Mr. Aquila had made extraordinary efforts to facilitate contact between the children and their father.
Taking into consideration the deficiencies found to be present in both parents, the magistrate determined it is in the best interest of the children to maintain the shared parenting plan.
Based on the findings of the magistrate contained in his report, we cannot conclude the court abused its discretion when it denied Myron's motion to terminate the shared parenting plan. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JOHN T. PATTON, J.*, CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOHN T. PATTON, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 654 N.E.2d 1254.
[2] Duncan at 730, citing High v. High (1993), 89 Ohio App.3d 424,427, 624 N.E.2d 801, 802-803. See also, Keresztesi v. Keresztesi 2000 Ohio App. LEXIS 5936, (December 14, 2000) Cuyahoga App. No. 76648, unreported; Thomas v. Thomas 2000 Ohio App. LEXIS 4634, (October 5, 2000) Cuyahoga App. No. 76586, unreported.
[3] Duncan, supra.