This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Annie Mae Stewart ("Stewart"), appeals from the decision of the Wayne County Municipal Court, which entered judgment in favor of Appellee, Marc Taylor ("Taylor"). We affirm.
 I.
{¶ 2} On July 30, 2001, Stewart filed a complaint against Taylor in the Wayne County Municipal Court, Small Claims Division. Stewart alleged that Taylor damaged a shed and its contents while Taylor was repairing a chimney on the property of Stewart's neighbor. A hearing was held before a magistrate on September 20, 2001. On October 16, 2001, the magistrate's decision was filed. The magistrate found that Stewart offered no evidence as to the amount of her damages, other than the value of a new shed, nor did she offer any evidence concerning the amount of damages to the shed's contents. The magistrate therefore proposed that judgment be entered in favor of Taylor because Stewart failed to meet her burden of proof.
{¶ 3} Stewart filed a general objection to the magistrate's decision on October 30, 2001, and requested that the court reporter prepare and make available a transcript of the hearing. Stewart further requested permission to file a memorandum in support of her objections within ten days after the transcript was made available.
{¶ 4} On March 4, 2002, the court noted in a journal entry that Stewart failed to file the transcript and that her objections would not be addressed. On the same day, the court entered judgment in favor of Taylor, finding that Stewart failed to prove that her property was damaged and therefore failed to meet her burden of proof. A transcript of proceedings was not filed with the trial court until April 3, 2002, the same day Stewart filed her notice of appeal.
 II. Assignment of Error No. I {¶ 5} "THE TRIAL COURT, IN A SMALL CLAIMS MATTER, FAILED IN ITS ACTIVE DUTY TO SEE THAT THE TRIAL WAS CONDUCTED IN A WAY THAT JUSTICE WOULD BE DONE AND INJUSTICE PREVENTED."
 Assignment of Error No. II {¶ 6} "THE TRIAL COURT'S JUDGMENT FOR DEFENDANT WAS AN ABUSE OF DISCRETION."
{¶ 7} In her assignments of error, Stewart challenges the magistrate's decision and the judgment entered in favor of Taylor. This Court finds that Stewart's arguments lack merit.
{¶ 8} Objections to a magistrate's decision are governed by Civ.R. 53. Civ.R. 53(E)(3)(b) provides that "[o]bjections shall be specific and state with particularity the grounds of objection." Furthermore,
 {¶ 9} "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
{¶ 10} Although Stewart filed a timely objection to the magistrate's decision, her objection was in the form of a general objection to the decision. She did not raise any specific objection to any finding of fact or conclusion of law of the magistrate. Moreover, she did not file the required transcript or affidavit in support of her objection.
{¶ 11} When a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings. Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177, at 4. Our review is limited to whether the trial court abused its discretion. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
{¶ 12} The magistrate specifically found that Stewart failed to meet her burden of proof because she presented no evidence as to damages to the shed or to its contents. Without a transcript or other record of the evidence properly before us,[1] we cannot conclude that the trial court abused its discretion when it found that Stewart failed to meet her burden of proof. Accordingly, the trial court did not abuse its discretion in entering judgment in favor of Taylor. See Boggs v. Boggs
(1997), 118 Ohio App.3d 293, 301.
{¶ 13} Accordingly, Stewart's assignments of error are overruled.
 III.
{¶ 14} Having overruled Stewart's assignments of error, we affirm the decision of the Wayne County Municipal Court.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] We note that the file contains the transcript of the magistrate's hearing. However, the transcript was filed with the trial court on April 3, 2002, a month after the trial court entered its judgment. The transcript of the magistrate's hearing was therefore not before the trial court at the time it entered judgment. The record on appeal may only contain matters that were actually before the trial court. See High v.High (1993), 89 Ohio App.3d 424, 427; State v. Ishmael (1978),54 Ohio St.2d 402, paragraph one of the syllabus. Because the transcript was not before the trial court at the time it entered judgment, it is not properly part of the record on appeal.