JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Dimitrios C. Natsis, appeals the trial court's adoption, with modifications, of the magistrate's decision granting plaintiff-appellee, Kathleen Natsis's Motion to Show Cause in which she argued that appellant was in arrears of his child support obligations. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case falls under the jurisdiction of the domestic relations court. In October 1981, the parties were granted a dissolution of marriage. The order of dissolution incorporated a separation agreement executed by both parties. The agreement expressly provided appellant pay child support for the two minor children born of the marriage. At the time of the dissolution, the eldest child, a boy, was nine years old and the younger child, a girl, was eight years old. It is undisputed that the separation agreement required appellant to pay $50.00 per week ($400.00/month) for each child for a period of 104 weeks and thereafter $60.00 per week ($480.00/month) until each child reached majority.
 {¶ 3} In October 1999, appellee filed a motion to show cause because appellant had failed to pay the child support amounts specified in the agreement. The motion was referred to and heard by a magistrate who, after trial, rendered an amended decision with findings of fact and conclusions of law. The amended decision was filed on August 16, 2001. Before the conclusion of trial, however, appellant filed a motion to dismiss appellee's motion to show cause in which he argued, under the laches doctrine, appellee had waited too long — 18 years — to pursue any unpaid child support amounts. The magistrate denied the motion to dismiss.
 {¶ 4} In his decision, the magistrate explained his reasons for denying appellant's motion to dismiss and also made specific determinations about appellant's unpaid obligations of child support. The magistrate determined that
 {¶ 5} "nowhere in the pleadings or in the testimony does the Defendant * * * allege or demonstrate material prejudice resulting from the delay of [plaintiff's] filing.
 {¶ 6} "* * *
 {¶ 7} "Where Defendant * * * has failed to demonstrate material prejudice or injury the defense of laches will not lie. Defendant['s] Motion to Dismiss is without merit and should therefore be dismissed.
 {¶ 8} "* * *
 {¶ 9} "Defendant * * * should have paid child support at the sum of $50 per week per child (2) for a period of 104 weeks commencing October 7, 1981 for a total of $10,400 through October 6, 1983 (104 weeks x $50 per week x 2 children = $10,400). Thereafter, Defendant * * * should have paid child support in the amount of $60 per week for a period of 344 weeks through August 15, 1990 * * * and for a period of 396 weeks through August 14, 191 [sic] * * * or $60 per week for 740 weeks for a total of $44,400.00. The total amount Defendant * * * should have paid as and for Child Support from the date of the parties' dissolution through the emancipation of their youngest child was $54,500.00. Defendant * * * asserted that during the course of his obligation to pay child support he fully paid his obligation and more by weekly giving the parties [sic] two (2) children money to give to their mother * * * for support. It was his testimony that he always gave them cash, never a check, and that he did so weekly."
 {¶ 10} The magistrate determined that appellant "was neither a credible nor convincing witness * * * and has no support for his testimony that he paid all of his child support." The magistrate gave appellant credit for child support payments he proved he had made in the amount of $7,650.00. After subtracting $7,650.00 from the $54,800.00, the magistrate concluded that appellant was still in arrears of child support in the amount of $47,150.00.
 {¶ 11} On September 5, 2001, appellant filed his "objections to the decision and findings" of the magistrate.[1] In his objections, appellant argued that the magistrate erred in not sufficiently considering his laches defense that appellee had waited too long to pursue any unpaid child support amounts. It is undisputed that when appellant submitted his objections to the court he did so without providing a transcript of the trial proceedings upon which his objections were based.
 {¶ 12} The brief, however, contained extended excerpts from the hearing — excerpts unauthenticated by any court reporter. The brief also referred to exhibits, which were in the record, and depositions that had been filed.[2] Despite what appear to be references to a transcript, appellant did not provide a copy to the trial court or appellee.
 {¶ 13} On December 28, 2001, the trial court, with some modifications not relevant to the issues in this appeal, adopted the magistrate's decision and ordered appellant to pay appellee "$47,150.00 as of August 14, 1991" in past due child support payments.[3] Appellant filed this timely appeal on January 23, 2002.[4] Then, on February 28, 2002, appellant, for the first time, filed the transcript of the proceedings held before the magistrate.
ASSIGNMENT ERROR NO. 1
 {¶ 14} "The trial court erred when it denied the appellant's assertion of the doctrine of laches, where the appellant showed that the wife filed the non-support claim eighteen (18) years after the divorce and where the appellant demonstrated material prejudice."
ASSIGNMENT OF ERROR NO. 2
 {¶ 15} "The decision of the magistrate was contrary to the sufficiency and to the weight of the evidence."
 {¶ 16} As a threshold matter, we note that when a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). The Supreme Court of Ohio has explained, "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, * * *. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254;Bontempo v. Miles (Feb. 7, 2002), Cuyahoga App. No. 79341.
 {¶ 17} Moreover, if the trial court did not have a transcript to review, an appellate review cannot include any reference to a transcript filed for the first time as part of the record on appeal. Duncan, supra citing High v. High (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801,802-803; Brown v. Brown (Sept. 20, 2001), Cuyahoga App. No. 78551;Keresztesi v. Keresztesi (Dec. 14, 2000), Cuyahoga App. No. 76648.
 {¶ 18} In the case at bar, when appellant filed his objections to the magistrate's decision, he did not submit a transcript or affidavit describing the evidence adduced at trial. Appellant argues that he did not need to submit a transcript with his objections in the trial court because the issue of laches is a question of law. We disagree.
 {¶ 19} We agree with the decision in Sutton v. Sutton (Dec. 27, 1995), Greene App. No. 95-CA-25, whose procedural facts are virtually identical with those in the case at bar. In Sutton, supra, the court was faced with the same situation we are faced with here, namely, appellant's filing objections to a magistrate's decision without providing the trial court with a transcript of the evidence actually presented to the magistrate. On appeal, the appellant in Sutton, like appellant in the case at bar, argued that the issue of laches was one of law and thus there was no need for her to file a transcript with her objections. The court in Sutton disagreed stating, "it is settled law in Ohio that the issue of laches `is predominately one of fact, to be resolved in each case according to its special circumstances.' 66 Ohio Jurisprudence 3d (1986) 422, Limitations and Laches, Section 222. The seminal case on the issue is Smith v. Smith (1959), 168 Ohio St. 447, 156 N.E.2d 113, where the Supreme Court defined laches as follows: `Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'" Paragraph 3 of syllabus. Sutton, supra at *3.
 {¶ 20} Contrary to appellant's argument in the case at bar, a defense based upon laches is most certainly fact dependent. In asserting this defense, a defendant must present factual evidence that there was a delay which caused material prejudice. Sutton, supra, citing to Ferreev. Sparks (1991), 77 Ohio App.3d 185, 601 N.E.2d 568. We must, therefore, reject appellant's position on the nature of a laches defense.
 {¶ 21} Moreover, because appellant did not provide the trial court with a transcript in support of his objections, all of which were based upon the defense of laches, our review is limited to deciding whether the court abused its discretion in adopting the magistrate's decision.Brown, supra.
 {¶ 22} We note that in his brief on appeal, appellant almost completely relies upon the transcript he filed for the first time over one month after he filed his notice of appeal. Because appellant's arguments are inextricably tied to a transcript we cannot consider, we must conclude that his arguments on the issue of laches fail. We also observe that the failure to timely file a transcript also prevents an appellee from reviewing the testimony and addressing the merits of the case.
 {¶ 23} Further, we also reject appellant's argument that the magistrate's decision is contrary to the sufficiency and weight of the evidence set forth in the transcript. Obviously, the only way to evaluate the sufficiency or weight of evidence is by reference to the transcript of evidence admitted at trial. For the same reason that we cannot refer to the transcript regarding appellant's laches defense, we are likewise precluded from considering that transcript relative to the evidentiary issues raised in the second assignment of error.
 {¶ 24} Moreover, it is obvious from the face of the magistrate's report that he relied extensively on oral testimony from a variety of witnesses whose credibility only he was able to assess. Without a transcript of the proceedings, the trial court had to defer to the factual determinations "made by the one who has viewed the witnesses, and heard the testimony, and who has thereby enjoyed a superior position to determine the weight and credibility of the evidence." In re WelchChildren (May 1, 2002), Hamilton App. No. C-020066, at *6.
 {¶ 25} We must reject, moreover, any argument based on any exhibits other than the Judgment of Dissolution and the Separation Agreement, which are the only exhibits the Magistrate references. Other than these two documents, the magistrate's decision does not identify which, if any, exhibits the magistrate relied upon or considered. Without a transcript, moreover, neither the trial court nor a reviewing court would know whether any exhibits not identified by the magistrate were admitted, authenticated, or ever actually introduced into evidence. A review of such exhibits, as the dissent proposes, therefore exceeds the proper boundaries of appellate review.
 {¶ 26} Nor has appellant demonstrated any error in the Magistrate's application of law to his findings of fact. Under the doctrine of laches, defendant must demonstrate, as the magistrate correctly observed, material prejudice. Nothing in the magistrate's findings of fact supports a finding of prejudice. Although the court order required the father to make the child support payments directly to the mother, he always made his payments to his wife through his children. They were always in cash in an envelope and he never requested a receipt. Three witnesses, the two children and a friend, were able to testify that each was present at different times for payments made in envelopes, the contents of which they did not see. The friend testified he witnessed the exchange of envelopes but could not testify as to the amount or the duration or these exchanges. The daughter reported receiving these envelopes only once or twice. The son stated no envelopes were given to him after 1985. Finally, the magistrate found the Father to be neither a convincing nor credible witness and that the Mother was able to explain an alternative source of support she relied upon: her father, non-relatives, and church. We find no abuse of discretion in the magistrate's application of law to these findings.
 {¶ 27} Accordingly, we find no abuse of discretion in the trial court's determination that appellant failed to meet his child support obligations pursuant to the express terms of the parties' separation agreement and that he owes appellee $47,150.00 in child support arrearage. Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., CONCURS AND TERRENCE O'DONNELL, J.,DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] Appellant had been granted an extension of time within which to file his objections. Thus his September 5th filing is timely.
[2] Though appellant cites deposition testimony, we find no indication that the magistrate relied upon any of this testimony in reaching his decision in this case.
[3] The court found appellant in contempt and sentenced him to thirty days in jail. The court stated the sentence could be purged provided appellant pay the $47,150.00 plus 2% through the child support enforcement agency. Further, the court also assessed attorney fees against appellant in the amount of $1,840.00, which award is not part of this appeal.
[4] In his brief appellee presents what he incorrectly calls an assignment of error. See App.R. 16. In this assignment, appellee requests this court to dismiss this appeal because appellant did not file a transcript in the trial court. Because the formal brief format does not permit an appellee to state a separate assignment of error (outside a cross appeal), we do not address appellee's assignment.