JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Hee Ja Lee, appeals the decision of the Rocky River Municipal Court, which adopted a magistrate's decision denying her recovery for the alleged negligent installation of a water drainage downspout and sewer connection. After reviewing the record and for the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} Lee is the current owner of a house located in Westlake, Ohio. Shore West Construction Company ("Shore West") built the house in 1989 for the original owner, Kathryn Pontius. Pontius sold the house to Lee on June 5, 1993. It is undisputed that Lee, as a subsequent purchaser, never entered into a contract with Shore West with respect to the house.
 {¶ 3} In July 2002, a heavy rainstorm caused the front yard of the house to flood. Lee testified that soon after moving into the house, she had noticed "something wrong" with the drainage in the front yard because the mulch seemed to wash away during heavy rains.
 {¶ 4} Lee contends that because of Shore West's negligence, the downspout located in her front yard was never connected to the storm water drainage sewer on the street. The downspout stopped approximately six inches below grade, which caused Lee's front yard to flood during heavy rains.
 {¶ 5} After the July flooding, Lee hired AAA Pipe Cleaning Corporation ("AAA") to install a proper downspout and sewer connection at a cost of $1600. According to a letter from George DelCalzo, Manager of Customer Services for AAA, the sewer connection at Lee's house had apparently never been installed. No one from AAA testified at trial, nor did the plaintiff present any expert testimony pertaining to the downspout or sewer connection located beneath it.
 {¶ 6} Shore West produced evidence that on July 7, 1990, the city of Westlake's building inspector conducted a final inspection of the home and approved the installation of all gutters and downspouts. Frederick Bauer, one-half owner of Shore West, testified that the city's building inspection of the home would include an open ground inspection of the downspouts and sewer connections.
 {¶ 7} On October 30, 2003, following a bench trial, the magistrate issued an opinion holding that Lee failed to meet her burden of proof that Shore West was negligent and failed to install the downspout and sewer connections. The magistrate stated that Shore West produced evidence that the downspout and sewer connections were installed, inspected, and approved by the city of Westlake. The magistrate further stated that the original owner, who was not a party to this suit, may have made additions or alterations to the gutters or downspouts after Shore West built the home.
 {¶ 8} On November 7, 2003, Lee filed objections to the magistrate's decision with the trial court. On November 14, 2003, the trial court, pursuant to Civ.R. 53 (E), denied each objection made by Lee and adopted the magistrate's decision finding in favor of Shore West. On November 25, 2003, Lee filed a motion for a transcript of the magistrate's bench trial. The record reflects that Lee failed to provide a transcript for the trial court to review when she filed her objections to the magistrate's decision.
 {¶ 9} Lee brings this instant appeal alleging eleven assignments of error for review;[1] however, we decline to address her assignments of error for the reasons set forth below.
 {¶ 10} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting magistrates' rulings. A party has 14 days from the issuance of a magistrate's decision to file objections with the trial judge; the objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a magistrate's finding of fact shall be supported by a transcript of all theevidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c). (Emphasis added.)
 {¶ 11} In the instant matter, the appellant failed to file a transcript by which the trial court could review the magistrate's findings of fact. Appellant's objections were filed on November 7, 2003 and were ruled on by the trial court on November 14, 2003; appellant did not file a motion requesting a transcript with the trial court until November 25, 2003. The record further reflects that the appellant also failed to file, alternatively, an affidavit of evidence with her objections. Hence, the trial court was unable to conduct a meaningful and independent review of the allegations contained in the appellant's objections for lack of a transcript. Therefore, the magistrate's factual findings are accepted as true, and our review is limited to determining whether the trial court abused its discretion in accepting and adopting the magistrate's decision.
 {¶ 12} We will review whether the application of law in relation to the magistrate's factual findings constituted an abuse of discretion. State ex rel. Duncan v. Chippewa Twp.
(1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254; Proctor v.Proctor (1988), 48 Ohio App.3d 55, 63, 548 N.E.2d 287; see, also, Brown v. Brown (Sept. 20, 2001), Cuyahoga App. No. 78551, citing High v. High (1993), 89 Ohio App.3d 424, 427,624 N.E.2d 801.
 {¶ 13} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoffv. Fairview General Hospital (1996), 75 Ohio St.3d 254.
 {¶ 14} Ohio law is well settled that vendors of real property owe a duty to original and subsequent vendees of the real property against damages caused by the vendor's negligence in constructing, maintaining, or repairing the property. McMillamet al. v. Brune-Harpenau-Torbeck Builders, Inc., et al. (1983),8 Ohio St.3d 3, 455 N.E.2d 1276. However, a vendor is not to be held strictly liable for defects. Id. Vendees have the burden of proving the breach of that duty, causation, and damages. Id. "In order to recover against a defendant in a tort action, a plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue." Fitzsimmons v. Loftus (1958), 107 Ohio App. 547,550, 152 N.E.2d 18, citing Landon v. Lee Motors, Inc. (1954),161 Ohio St. 82, 118 N.E.2d. 147.
 {¶ 15} In reviewing the magistrate's factual findings in relation to the applicable law in this case, we find that the trial court did not abuse its discretion in accepting and adopting the magistrate's decision. As the magistrate stated, the appellant failed to produce sufficient evidence that the appellee was negligent in the installation and connection of the down spout to the drainage sewer. The appellee testified to and produced a building inspection report completed by the city of Westlake that specifically stated that the downspout and sewer connections had been inspected and approved by inspectors. The appellee further testified that the drainage inspections were performed with the ground open and connections exposed.
 {¶ 16} The appellant did not produce a witness from AAA, nor did she provide any other expert testimony to rebut the appellee's assertions. Furthermore, the original owner was not called as a witness or made a party to the suit; therefore, it was reasonable for the magistrate and trial court to conclude that the original owner may have made alterations or modifications to the downspouts and sewer connections originally installed by the appellee.
 {¶ 17} Lastly, the appellant's eleventh assignment of error claims that the venue of the trial court was improper because counsel for appellee is related to the Clerk of Court for Rocky River Municipal Court. However, the appellant states that no impropriety or misconduct had occurred and that the appellant simply would "be uncomfortable to try the case in this small community municipal court where appellee's counsel were known to its court officials because of said relationship." Without any claim of impropriety or misconduct by judicial officials, we respectfully overrule this assignment of error as being baseless.
 {¶ 18} The judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., concur.
 APPENDIX A
Appellant's Assignments of Error:
1. "The Magistrate's decision to consider the Plaintiff's action as tort was an error."
2. "The Magistrate's decision based on the existence of a contract between the parties was an error."
3. "The Magistrate's Decision that Appellant did not positively produce the evidence that Appellee failed to connect the downspout (sic) to the sewer was an error."
4. "The Magistrate Decision's reliance on the building inspector's report was an error."
5. "The Court's Decision against Appellant due to the absence of an expert witness of AAA was an error."
6. "Assumption of additions or alterations by the original owner was an error."
7. "Decision that Appellant has not met her affirmative burden of proof was an error."
8. "The Court's reliance on the testimony of Fredrick Bauer wan [sic] an error."
9. "Disregard of the Appellant's discovery violations is an error."
10. "The Court's Adoption of the Magistrate Decision is an error and is amount [sic] to an abuse of the trial court's discretion."
11. "The jurisdiction of the trial court is an error when Appellant had no opportunity to change the venue because of the nephews-uncle [sic] relationship between the trial court's Clerk of Court and Appellee's Counsels [sic]."
[1] Appellant's Assignments of Error are included in Appendix A attached hereto.